Jack Mackston, J.
In this holdover proceeding, petitioner, Board of Managers of Surf East Condominium of 650 Shore Road, Long Beach, New York (hereinafter referred to as board), seek to recover possession of garage space No. 42, located in the common area of said premises.
The pertinent facts, as stipulated to by the parties, are as follows:
(1) The condominium was organized pursuant to article 9-B of the New York State Real Property Law, is comprised of 113 units, but contains only 57 garage spaces, which are leased by the board to unit owners on a first-come first-serve basis.
(2) Respondents took title to unit 1-E on or about May 11, 1973, and were leased garage spaces No. 41 and 42. Not all units had then been sold and not all owners had requested parking spaces. Respondents continued to use said spaces in accordance with written two-year leases, the last of which commenced April 1, 1975, and expired March 31, 1977. At its May 8, 1975 meeting, the board, among other things, approved modification of garage leases so as to provide: "This lease is to be perpetually renewable for two-year periods at the garage *1055 lessee’s option.” On May 20, 1976, the board met and discussed the matter of two garage spaces held by one apartment and decided to cancel one such space when the lease therefor expired. Again on June 1, 1976 the board unanimously reaffirmed and agreed that each unit owner be allowed one garage space only.
(3) At the August 5, 1976 board meeting it was moved that the prohibition against two spaces, as the same applied to respondents Cohn and unit owner Katz, should not apply. Members Markson, Trumm, and Shedler voted "against” and Donnarumo and Katz "for” said motion. Klepper abstained and the motion was defeated.
(4) There are presently seven unit owners on the garage space waiting list.
(5) On March 14, 1977, respondents sought to renew the leases for their two garage spaces. However, the board would only tender a lease for space No. 41. Respondents, nevertheless, continued to retain possession and use of space No. 42, resulting in this proceeding.
(6) It was further stipulated that Yale Markson was not a unit owner while serving on the board, but that his wife was.
Respondents, by way of defense, allege a perpetual right to renew the lease for space No. 42.
Petitioner, in response, contends that board action, purporting to amend the garage leases so as to grant lessees a continuing option to renew is unenforceable and violative of section 339-i of the Real Property Law, and the condominium documents.
After considering the parties’ contentions, the court finds as follows: The common elements include parking and garage areas. (Real Property Law, § 339-e, subd 3, par [c]; Declaration art IV(a), p 37.)
Although the common elements remain undivided, (Real Property Law, § 339-i, subd 3; Declaration art IV, p 37), some unit owners may enjoy substantially exclusive advantage in parts thereof "as expressed in the Declaration or By Laws”. (Real Property Law, § 339-i, subds 1, 4.)
In the present case, the board clearly has the power to make garage leases (By-laws art IV, § 12(j), p 63) and from time to time reassign parking spaces. (Offering Plan, § 8, p 3.) There being only 57 such spaces, of necessity not all 113 unit owners may be accommodated at any one time, and it is for *1056 the board to make reasonable rules and regulations concerning use thereof and resolve disputes with respect thereto (Declaration art VIII, § 1, p 39), and every unit owner is required to strictly comply therewith. (Declaration art IX, § 8, P 41.)
It is clear that the board’s powers are broad and its May 8, 1975 resolution granting a unit owner the option to renew a garage lease was not necessarily violative of the Real Property Law. However, aside from the question of renewal, respondents, under the circumstances, may not continue to have two parking spaces. Although the board, on May 8, 1975, may have approved proposed changes in respondents’ leases dated April 1, 1975, the leases themselves do not reflect such change and there is nothing to indicate the proposed amendment was actually accomplished.
In any event paragraph 1 of the lease shows that the rental of the garage space is "subject to the rules and regulations concerning same which have been or may hereafter be promulgated by the Condominium” and paragraph 6 provides: "Unit owner * * * shall observe faithfully and comply strictly with the rules and regulations of Surf East Condominium and such other and further reasonable rules and regulations as Surf East Condominium may, from time to time adopt.”
Therefore if the respondents’ two leases dated April 1, 1975 contained an express right to renew, which they do not, the same would be subject to revocation by future board action.
Here, in pursuit of fairness and the exercise of good conscience, the board, on May 20, 1976, and again on June 1, 1976, limited every unit owner to one garage space and the owner must comply therewith.
An unsuccessful effort by certain members of the board was made on August 5, 1976 to rescind the prior resolution of May 20, June 1, 1976, insofar as the same limited the respondents and another unit owner to one space. Respondents assert that Yale Markson, one of the board voting against the motion, was not a unit owner at the time. The condominium documents do not contain any express requirement that members of the board be unit owners, and even if there was such rule, the exclusion of Markson’s vote would have resulted in a tie so that the motion would not have carried in any event.
Accordingly, the relief sought in the petition is granted and respondents directed to surrender garage space No. 42.